UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

Corey Alan Simonetta, Jr.,

        Plaintiff,        Case No. 13-cv-12751
                                    Hon. Judith E. Levy
                                    Mag. Michael J. Hluchaniuk

v.

Geico Casualty Company,
Navistar Inc. Health Plan, Alfonso
Dortch, Carey Lee Koch, and
Progressive Universal Insurance
Company,

        Defendants,

and

Navistar Inc. Health Plan,

        Counter-Claimant,

v.

Corey Alan Simonetta, Jr.,

        Counter-Defendant.

_____/

**ORDER GRANTING DEFENDANT NAVISTAR'S MOTION FOR SUMMARY JUDGMENT [38] AND DENYING DEFENDANT GEICO'S MOTION FOR SUMMARY JUDGMENT [36]**

The matter before the Court arises out of a dispute about who

1

must pay for medical expenses following a car accident. The moving parties are defendant/counter-plaintiff Navistar, Inc. Health Plan ("Navistar"), an ERISA health plan, and Defendant Geico Casualty Company ("Geico"), an out-of-state auto-insurer. In his initial complaint, plaintiff Corey Alan Simonetta, Jr. ("Simonetta") sought to enforce its rights under the Michigan No-Fault Act, §500.3163(4), against Geico and sought injunctive relief under § 502(a)(3) of the Employment Retirement Income Security Act ("ERISA") against Navistar to enjoin it from collecting reimbursement debt owed to it under plaintiff's plan.

Currently before the Court are Navistar's and Geico's Motions for Summary Judgment. Navistar, as counter-plaintiff, seeks equitable relief to enforce the terms of the Navistar Health Plan, imposing a lien or constructive trust over settlement proceeds possessed by the plaintiff. At oral argument held on June 23, 2014, plaintiff agreed that Navistar was entitled to these funds.

Geico's Motion seeks judgment in its favor as it contends that plaintiff is not entitled to any personal injury protection ("PIP") benefits under his auto-insurance plan. Plaintiff opposes this motion arguing

that, pursuant to Michigan's No Fault Insurance Act, he is entitled to PIP coverage from Geico.

For the reasons set forth below, the Court GRANTS defendant Navistar's Motion for Summary Judgment and DISMISSES WITH PREJUDICE plaintiff's complaint against Navistar. The Court DENIES defendant Geico's Motion for Summary Judgment, and, pursuant to Rule 56(f), GRANTS the declaratory relief plaintiff seeks with respect to Geico.

## I. Background

Plaintiff is an Illinois resident. He is a beneficiary of the Navistar Inc. Health Plan ("the Navistar Plan"), an ERISA plan. The Navistar Plan has a provision that requires the beneficiary to reimburse Navistar for benefits it has already paid that are later recovered from a third party. The Navistar Plan stated:

> [I]f the Plan does advance moneys or provide care for [] an Injury, Sickness or other condition, the Covered Person shall promptly convey moneys or other property from any settlement, arbitration award, verdict or any insurance proceeds or monetary recovery from any party received by the Covered Person (or by the legal representative, estate or heirs of the Covered Person), to the Plan for the reasonable value of the medical benefits advanced or provided by the Plan to the Covered Person, regardless of whether or not (1) the Covered Person has been fully compensated… (2) liability for payment is admitted by the Covered Person or any

3

> other party; or (3) the recovery by the Covered Person is itemized or called anything other than a recovery for medical expenses incurred.

(Dkt. 9-1). Plaintiff was also covered by an Illinos Geico auto-insurance plan that did not include PIP coverage.

On August 12, 2012, Plaintiff sustained injuries when he was involved in a motorcycle accident in Michigan. The motor vehicle that struck him was operated by an uninsured Michigan resident. Following the accident, plaintiff's Navistar Plan paid medical benefits in the amount of $6.447.64. Because the at-fault owner and operator of the motor vehicle was uninsured at the time of the accident, plaintiff also filed an uninsured motorist claim with his motorcycle insurer, Progressive, in May 2013, and settled that claim for $20,000.

Plaintiff brought this suit on June 21, 2013, against Geico, Navistar, BlueAdvantage, Progressive Universal Insurance Company, Alfonso Dortch, and Carey Lee Koch. Plaintiff's complaint is, in part, an effort to resolve whether Geico or Navistar is responsible for his medical expenses, so he can determine whether and where to disburse the funds he received from Progressive. Plaintiff also has pled a negligence claim against the driver of the vehicle, Alfonso Dortch.

4

On July 18, 2013, Navistar filed a counter-complaint against the plaintiff seeking enforcement of the terms of the Navistar Plan, invoking an equitable lien over funds in possession and/or control of the plaintiff (up to the amount of the benefits advanced by the Navistar Plan on plaintiff's behalf). (Dkt. 9).

Alfonso Dortch failed to answer the complaint and a clerk's entry of default was entered in August 2013. Progressive deposited $20,000 with the Court in September 2013, and was subsequently dismissed from the complaint. BlueAdvantage was voluntarily dismissed from the case by stipulation signed in October 2013. After a show cause order, plaintiff also voluntarily dismissed his claim against Carey Lee Koch.

**II.     Standard of Review**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248. The Court "views the evidence,

all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir.2002)).

### III. Analysis

#### A. Navistar's Motion for Summary Judgment

The Navistar Plan has a valid provision requiring a beneficiary to reimburse Navistar following any recovery made by the beneficiary for any damages related to the incident causing injury. Navistar now seeks equitable relief, pursuant to 29 U.S.C. § 1132(a)(3), to impose a constructive trust or equitable lien over the settlement proceeds currently held by the Court. Plaintiff concurs that Navistar is entitled to reimbursement of the $6,447.64 it paid for plaintiff's medical coverage.

Accordingly, the Court will grant Navistar's Motion for Summary Judgment.

#### B. Geico's Motion for Summary Judgment

In plaintiff's action against Geico, he seeks declaratory relief to determine whether Geico was responsible for plaintiff's medical

6

coverage under the Michigan No Fault Insurance Act. Geico argues that the plaintiff is not entitled to any PIP benefits under his auto insurance plan because he was an Illinois resident at the time of the accident and his Illinois plan did not provide for any medical coverage. The relevant provision of the Michigan No Fault Insurance Act requires out-of-state auto insurers to provide "roll-on" PIP benefits so that out-of-state drivers are treated the same as Michigan drivers if they get into an accident within the state. *See* M.C.L. § 500.3163; *Jones v. State Farm Mut. Auto. Ins. Co.*, 202 Mich. App. 393 (Mich. Ct. App. 1993). The law also states that "benefits… are not recoverable to the extent that benefits *covering the same loss* are available from other sources, regardless of the nature or number of benefit sources available and regardless of the nature or form of the benefits." M.C.L. § 500.3163(4) (emphasis added). Because plaintiff is covered by the Navistar Plan, Geico argues that no "roll-on" PIP benefits are triggered. (Dkt. 36 at 2-3).

### i. ERISA Preemption

The Court first must address plaintiff's argument that M.C.L. §3163(4) is preempted by ERISA to the extent that "benefits covering

7

the same loss… from other sources" includes ERISA plans. ERISA preempts state laws to the extent that they "relate to" any employee benefit plan. 29 U.S.C. § 1144(a). ERISA does not preempt state laws regulating insurance. 29 U.S.C. § 1144(b)(2)(A). In *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85 (1983), the Supreme Court laid out a broad interpretation of ERISA's preemption clause, finding that a state law "relates to" an ERISA plan "if it has a connection with or reference to such a plan." *Id.* at 97-97; *see also Firestone Tire & Rubber Co. v. Neusser*, 810 F.2d 550, 552 (6th Cir. 1987). "Under this broad common-sense meaning, a state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect," and even if the "state law is consistent with ERISA's substantive requirements." *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 139, (1990) (citations and internal quotations omitted).

"Despite the breadth of the preemption provision, the Supreme Court has indicated that '[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law relates to the plan.'" *Firestone*, 810 F.2d at 553-

8

54 (quoting *Shaw*, 463 U.S. at 100 n. 21). In *Firestone*, the Sixth Circuit laid the three factors most often considered when determining whether a state regulation falls within this narrow *Shaw* exception. *Id.* at 555-56. Those factors are as follows: (1) "whether the state law represents a traditional exercise of state authority," *id.;* (2) whether the state law "'affects relations among the principal ERISA entities – the employer, the plan, the plan fiduciaries, and the beneficiaries –" as opposed to merely affecting "'relations between one of these entities and an outside party, or between two outside parties with only an incidental effect on the plan,' " *id.* at 556 (quoting *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprises,* 793 F.2d 1456, 1467 (5th Cir.1986)); and (3) the extent to which any possible effect of the state law on an ERISA plan is incidental. *Firestone,* 810 F.2d at 556.

Applying these factors, the Court concludes that M.C.L. § 500.3163(4) falls within the "tenuous, remote, and peripheral" exception to preemption. Laws regulating insurance fall within the traditional exercise of state authority. *See* 29 U.S.C. § 114(b)(2)(A); *Lincoln Mut. Cas. Co. v. Lectron Prods., Inc., Emp. Health Ben. Plan*, 970 F.2d 206,

9

210 (6th Cir. 1992); *Physicians Health Plan, Inc. v. Citizens Ins. Co. of Amer.*, 673 F.Supp. 903, 906-07 (W.D. Mich. November 10, 1987) (finding that § 3109a of the No Fault Insurance Act governing auto-insurers was an exercise of the state's traditional authority). More critical is the fact that § 500.3163(4) has no impact on the relationship between any ERISA plan and its beneficiary. Instead, the law governs the relationship between out-of-state auto-insurers and *their* beneficiaries. The fact that someone in plaintiff's shoes might also seek to recover from an ERISA plan is only tangentially related to the provision at issue. Indeed, § 3163(4) creates no obligations for and has no impact on ERISA plans. The law merely prevents PIP coverage from "rolling over" if those losses were already covered by some other source. *See Physicians Health*, 673 F.Supp at 906 (holding that even an economic effect on an ERISA plan was insufficient to invalidate a state law under preemption principles).

The cases plaintiff relies on in its brief are distinguishable from the matter before the Court. In *Mackey v. Lanier Collection Agency & Serv.*, 486 U.S. 825 (1988), for example, the Supreme Court found ERISA preemption where a state law explicitly singled out ERISA

10

benefits for protective treatment. *Id.* *Dist. of Columbia v. Greater Washington Bd. of Trade*, 506 U.S. 125 (1992) also addressed a law that "specifically refer[red] to welfare benefit plans regulated by ERISA and on that basis alone is preempted." *Id.* at 656. Section 3163(4), on the other hand, makes no reference to and has no impact on ERISA plans. M.C.L. § 3163(4).

As the Sixth Circuit has noted, "Congress sought to preempt state laws that have a burdensome *effect* on ERISA plans." *Thiokol Corp., Morton Intern., Inc. v. Roberts*, 76 F.3d 751, 757 (6th Cir. 1996) (emphasis in original). Laws that merely make broad reference to some category of loss that might include loss covered by an ERISA plan shall not be preempted. *See id.* Accordingly, the Court finds that §3163(4) falls within the "tenuous, remote, and peripheral" exception and is not preempted by ERISA. *See Fisher v. Gov't Emps. Ins. Co.*, 762 A.2d 35 (D.C. Ct. App. November 16, 2000) (applying the *Firestone* factors in holding that a law limiting PIP benefits where such damages were covered by another insurer fell within the "tenuous, remote and peripheral" exception to ERISA); *Austin v. Dionne*, 909 F.Supp. 271 (E.D. Pa. December 7, 1995) (noting that a prohibition against double

11

recovery only affects the relations between a beneficiary and a non-ERISA plan and is likely exempt from ERISA preemption).

### ii. Payment of Benefits under 3163

The Court next turns to whether Geico is obligated to pay plaintiff PIP benefits under § 500.3163. Section 3163(4) states that "[b]enefits… are not recoverable to the extent that benefits covering the same loss are available from other sources, regardless of the nature or number of benefit sources available and regardless of the nature or form of the benefits." *Id.*

### iii. Navistar's Payments

Defendant Geico is mistaken in arguing that Navistar's payment of benefits prevents it from having to cover plaintiff under § 3163. This section is essentially a coordination of benefits provision, requiring non-residents to coordinate with their health, disability, and auto-insurance plan to determine who shall pay for the personal injury loss.

Geico argues, incorrectly, that §3163 does not follow the line of priority created by the Michigan No Fault Insurance Act. Michigan courts have held, on the contrary, that non-residents seeking benefits under § 3163 follow the order of priority established by §§ 3114 and

3115. *See Safeco Ins. Co. v Econ. Fire and Cas. Co.*, 182 Mich App 552 (1990); *Smith v Continental Western Ins. Co.*, 169 F. Supp. 2d. 687 (2001). This, as Geico acknowledges, would place Geico's roll-on benefits as primary over plaintiff's ERISA health insurance policy.[1] Under Geico's theory, out-of-state auto-insurers could always avoid payment of PIP benefits if the insured had some other means of recovery. Out-of-state insurers could initially deny payment of PIP benefits forcing the insured to seek coverage from an ERISA-based or other health insurer. The out-of-state insurer could then avoid paying PIP payments at a later date by saying that the loss had already been covered under §3163(4). This approach undermines the priority system the Michigan legislature intended to create as well as its intent to put out-of-state drivers in the same position as Michigan drivers.

Accordingly, the Court finds that plaintiff's entitlement to roll-on PIP coverage from Geico is not impacted by Navistar's prior payment of medical benefits.

### iv. Progressive's Payments

---

[1] All that is required to trigger roll-on PIP benefits for an out-of-state insurer is a showing of three factors, which are met here: (1) the insurer is certified in Michigan, (2) there is an automobile liability policy between the non-resident and the certified insurer, and (3) there is a sufficient causal relationship between the non-resident's injury and the operation or use of a motor vehicle. *See Goldstein v. Progressive Cas. Ins. Co*, 218 Mich. App. 105, 109 (1969). These factors are not in dispute in this case.

If the Navistar benefit was the only one received by plaintiff, the Court could conclude its analysis here and declare that plaintiff's rights under the Michigan No Fault Insurance Act require Geico to pay plaintiff/Navistar $6,447.64. However, plaintiff also received $20,000 from Progressive as part of his uninsured motorist claim. Accordingly, the question for the Court is whether plaintiff's recovery from Progressive constitutes a benefit for the same PIP loss he was entitled to from Geico.

Uninsured motorist coverage is not required as part of the Michigan No Fault Insurance Act; however, "it may be purchased to provide the insured with a source of recovery for excess economic loss and noneconomic loss if the tortfeasor is uninsured." *Citizens Ins. Co. of America v. Buck*, 216 Mich. App. 217, 224-25 (Mich. App. 1996). In passing the No Fault Act, the Michigan legislature "divided an injured person's loss into two categories [of] loss" – (1) work loss and medical expenses from the insured and (2) excess economic loss and non-economic loss if the threshold of injury is met. *Bradley v. Mid-Century Ins. Co.,* 409 Mich. 1, 61-62 (1980), overruled in part on other grounds *Wilkie v. Auto-Owners Ins. Co.*, 469 Mich. 41 (2003); *see* M.C.L. §§

14

500.3107, 500.3135. "No-fault insurance provides security for the first type [of loss]; uninsured motorist coverage, which presupposes that the insured is entitled to recovery under the tort system, provides security for the second type [of loss]-it is offered to protect against being left with a worthless claim against an uninsured motorist." *Id.* at 62. The $20,000 paid to plaintiff by Progressive as part of an uninsured motorist benefit falls in this second category and does not constitute "benefits covering the same loss" under §3163(4).

Accordingly, as Geico's roll-on benefits are primary to Navistar's coverage and plaintiff has not received any "benefit covering the same loss," the Michigan No Fault Insurance Act requires Geico to pay plaintiff/Navistar $6,447.64.

IV. **CONCLUSION**

For the reasons set forth above,

Defendant Navistar's Motion for Summary Judgment is GRANTED and defendant Navistar is DISMISSED WITH PREJUDICE from this case.

Defendant Geico's Motion for Summary Judgment is DENIED.

The Court, having determined the rights and responsibilities of

the moving parties, declares that Geico is responsible for plaintiff's PIP benefits under the Michigan No Fault Insurance Act.

SO ORDERED.

Dated: August 14, 2014  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 14, 2014.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager